S. T. W. MINOR, plaintiff in error, *vs.* GLENN, WRIGHT & CARR, defendants in error.

When there is considerable conflict in the testimony, and the Judge below refuses a new trial, this Court will not disturb the judgment.

New trial. Evidence. Before Judge WRIGHT. Fayette county. At Chambers. January 15th, 1872.

There having been no record forwarded in this case, it is impossible to give a full report of the same. It may be inferred from the bill of exceptions that Glenn, Wright & Carr sued out a factor's lien against S. T. W. Minor for an indebtedness contracted by him in the purchase of a commercial fertilizer known as Zell's guano. The entire contest seems to have been as to the quality of the fertilizer. An immense amount of evidence was introduced by the plaintiff to show that the guano was suitable for the purposes for which sold. The evidence to the contrary in behalf of defendants was very strong. The jury found for the plaintiff, and defendants moved for a new trial because the verdict was contrary to the evidence. The motion was overruled and defendants excepted and assigns said ruling as error.

R. S. DORSEY; TIDWELL & FEARS, for plaintiff in error.

J. S. DOYAL; J. L. BLALOCK; PEEPLES & HOWELL, for defendants.

McCay, Judge.

It would be going far to interfere with this verdict. The evidence on both sides was the subject of consideration for the jury. True, it may preponderate, in our judgment, against the verdict. But we are not a Court of appeal from the verdicts of juries upon the facts. Is the verdict illegal—does it display manifest mistake or prejudice? We think not. The defendants' testimony, though apparently very positive, is in fact only so in opinion, and not in statement of material facts. All these witnesses only say the guano did in fact do no good. They do not show the season was not unpropitious for guano—that it was not very dry. Indeed two of them say, in effect, one that the cotton did grow higher, and the other that it opened sooner. These are the two particulars in which manure shows itself. If, nothwithstanding this, there was not a good crop, the conclusion is very natural that it was for some other reason than the worthlessness of the fertilizer. In such a case as this, especially ought the verdict of the jury in favor of *the plaintiff* have special significance.

Judgment affirmed.